Robert A. Huntsman (*pro hac vice pending*, ID Bar #5345)
law2013@huntsmanlg.com
Huntsman Law Group, PLLC
10400 W. Overland #174
Boise, ID  83709
tel: (208) 860-4379
fax: (208) 362-3723

Eric R. Welsh, State Bar No. 250563
ewelsh@rreeves.com
REEVE & ASSOCIATES,
  A Professional Law Corporation,
Two North Lake Avenue Ninth Floor
Pasadena, CA  91101
tel: (626) 795-6777
fax: (626) 795-6999

Attorneys for Defendant
Impulse Advanced Communications, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IMPULSE ADVANCED COMMUNICATIONS, LLC,<br><br>Defendant. | Case No.:  2:12-cv-11013-JAK-AJW<br><br>**ANSWER** |

Defendant Impulse Advanced Communications, LLC ("Defendant") files its Answer to the Complaint of Plaintiff Brandywine Communications Technologies, LLC ("Brandywine") as follows:

## ANSWER

1. With respect to the allegations of paragraphs 1 and 4, Defendant admits that Brandywine has brought a patent infringement action but denies that an appropriate cause of action has actually arisen against Defendant under the Patent Laws of the United States, Title 35 of the United States Code.

2. With respect to paragraph 3, the Plaintiff has failed to properly identify Defendant by identifying a nonexistent defendant who is a corporation whereas Defendant is an LLC.  Defendant acknowledges that the address specified is the address of Defendant, but denies the allegations of paragraph 3 as a whole since the identification provided does not unambiguously describe any entity.  Defendant herein requests clarification and/or correction.

3. Defendant admits the allegations of paragraphs 5 and 6.

4. With respect to the allegations of paragraph 7, Defendant admits that venue is proper in this District but is without knowledge or information sufficient to enable it to admit that venue in this district is the most convenient and most appropriate, and, to the extent paragraph 7 implies such it denies the same.

5. With respect to the allegations of paragraphs 2, 8, 9, 10, 11, 12, and 13, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations set forth and therefore denies the same.

6. With respect to the allegations of paragraph 14, Defendant admits it received such a letter on or near the time specified but is without knowledge or information sufficient to enable it to admit the remaining allegations and therefore denies the same.

7. With respect to the allegations of paragraph 18, 23, 28, 38, 48, and 56, Defendant admits it received such a letter on or near the time specified but

denies the letter provided actual knowledge of infringement and therefore denies the remainder of the allegations therein.

8. Defendant denies the allegations of paragraphs 16, 17, 19, 21, 22, 24, 26, 27, 29, 30, 31, 32, 33, 34, 36, 37, 39, 40, 41, 42, 43, 44, 46, 47, 49, 50, 51, 52, 54, 55, 57, 58, 59, and 60.

9. With respect to the allegations of paragraphs 15, 20, 25, 35, 45, and 53, wherein Brandywine incorporates previous allegations from earlier paragraphs, Defendant relies on its responses to the referenced previous allegations as its response herein.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies any allegations not otherwise responded to above and denies that Brandywine is entitled to the relief sought in its Prayer for Relief, including without limitation its unnumbered paragraphs it has labeled a-f, or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Brandywine's burdens of proof on it's affirmative claims against Defendant, reserving its right to assert additional defenses and/or affirmative defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendant alleges and asserts the following defenses in response to the allegations by Brandywine.

## FIRST DEFENSE

Brandywine has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant does not directly or indirectly infringe and has not directly or indirectly infringed any valid claim of the '854, '328, '537, '657, '501 or '472 patents, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

Some or all of the claims of the '854, '328, '537, '657, '501, or '472 patents are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including, but not limited to Sections U.S.C. §§ 102, 103, and/or 112.

### FOURTH DEFENSE

Brandywine is estopped, by virtue of the prior art or its conduct or representations made during the prosecution of the '854, '328, '537, '657, '501, or '472 patents, from asserting infringement against Defendant.

### FIFTH DEFENSE

Brandywine is precluded from recovering damages for infringement of the '854, '328, '537, '657, '501, or '472 patents, if any, until the date Brandywine notified Defendant in accordance with 35 U.S.C. § 287(a).

### SIXTH DEFENSE

Some or all of Brandywine's claims for damages and other relief are barred by the equitable doctrines of waiver, estoppel, unclean hands, acquiescence, and/or laches.

### SEVENTH DEFENSE

To the extent Brandywine seeks damages for alleged infringement more than six years prior to the present filing of litigation, Brandywine's claims are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

### EIGHTH DEFENSE

Brandywine is precluded from asserting the '854, '328, '537, '657, '501, or '472 patents against Defendant by virtue of its assertion of the '854, '328, '537, '657, '501, or '472 patents against Defendant without a well-founded, good faith belief that Defendant infringed the '854, '328, '537, '537, '501, or '472 patents.

### NINTH DEFENSE

Brandywine has exhausted its patent rights and is estopped from seeking damages from Defendant for the infringement of the '854, '328, '537, '657, '501, or '472 patents because of the patent exhaustion doctrine.

### TENTH DEFENSE

Brandywine has failed to provide adequate evidence of ownership of the '854, '328, '537, '657, '501, or '472 patents.

### ELEVENTH DEFENSE

Brandywine is not entitled to any equitable relief, including but not limited to injunctive relief under any theory, including without limitation, because any alleged injury to Brandywine is not immediate or irreparable, Brandywine has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### TWELFTH DEFENSE

Brandywine's claims for infringement of the '854, '328, '537, '657, '501, or '472 patents are barred in whole, or in part, by the defense of license.

### THIRTEENTH DEFENSE

Brandywine's claims for damages for infringement of the '854, '328, '537, '657, '501, or '472 patents are duplicative of claims asserted against others in mirrored litigation for the same alleged misconduct and thus constitute unjust enrichment and are thus barred.

### RIGHT TO ALLEGE FURTHER DEFENSES AS SUPPORTED BY EVIDENCE

Defendant reserves the right to amend this Answer and to assert additional defenses that become known through the process of patent claim constructions and well as the course of discovery and investigation of the case, including but not limited to the defense of inequitable conduct.

**JURY DEMAND**

Defendant respectfully demands a jury trial of all issues triable to a jury in this action.

Dated this 30th day of May, 2013.

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record by electronically filing the document with the Clerk of the Court using the CM/ECF system on the 30th day of May, 2013.

/s/Eric R. Welsh

Eric R. Welsh