UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES LLC<br><br>Plaintiff(s),<br><br>v.<br><br>IMPULSE ADVANCED COMMUNICATIONS LLC<br><br>Defendant(s). | CASE NO:<br>2:12–cv–11013–JAK–AJW<br><br>ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE<br><br>September 9, 2013 at 01:30 PM Joint Report Due: (10 days before the date of the conference) |

This case has been assigned to Judge John A. Kronstadt. This Order applies to all parties in this action, whether or not they are represented by counsel. "Counsel" as used in this Order, also refers to parties who are representing themselves. If plaintiff has not already served the complaint (or any amendment thereto) on each defendant, plaintiff shall promptly do so and shall file proofs of service within three days thereafter. Defendant(s) also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter.

This matter is set for a scheduling conference on the above date. The conference will be held pursuant to Fed.R.Civ.P. 16(b). The parties are reminded of their obligations under Fed.R.Civ.P. 26(a)(1) to disclose information (without awaiting a discovery request) and under R. 26(f) to confer on a discovery plan

not later than twenty–one (21) days prior to the scheduling conference and to file a report with the Court entitled "Joint Rule 16(b) Report" not later than fourteen (14) days after they confer. Please comply with these requirements; it will simplify the Scheduling Conference.

The Court encourages counsel to begin to conduct discovery actively before the Scheduling Conference. The Court encourages prompt, early discovery because at the Scheduling Conference the Court will set firm deadlines to complete discovery. Even if there is no agreement to conduct discovery prior to the Scheduling Conference, the parties shall comply fully with the letter and spirit of Fed.R.Civ.P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.

**1.      Joint Rule 16(b) Report**

The Joint Rule 16(b) Report, which shall be filed not later than one week before the scheduling conference, shall be drafted by plaintiff's counsel (unless the parties agree otherwise or unless plaintiff is self–represented, in which case defendant's counsel), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately–represented parties there are. The Joint Rule 16(b) Report shall report on all matters enumerated below, which include those required to be discussed by Rule 26(f) and Local Rule 26. The Joint Rule 26(f) Report should set forth the following information under section headings corresponding to those in this Order:

   a.   Statement of the case: A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

   b.   Subject matter jurisdiction: A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

   c.   Legal issues: A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

///

    d.   <u>Parties and Non–Party Witnesses</u>: A list of parties and percipient witnesses on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

    e.   <u>Damages</u>: The realistic range of provable damages.

    f.   <u>Insurance</u>: Whether there is insurance coverage.

    g.   <u>Motions</u>: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings or transfer venue.

    h.   <u>Manual for Complex Litigation</u>: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

    i.   <u>Status of discovery</u>: A discussion of the present state of discovery, including a summary of completed discovery.

    j.   <u>Discovery plan</u>: A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or limited in some manner, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. Please note that a statement to the effect that discovery will be conducted as to all claims and defenses, will not satisfy this requirement.

    k.   <u>Discovery cut–off</u>: A proposed discovery cut–off date. This means the final day for completion of non–expert discovery, including resolution of all discovery motions.

///

    l.    <u>Expert discovery</u>: Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut–off under Rule 26(a)(2).

    m.   <u>Expert discovery</u>: A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

    n.   <u>Settlement</u>: A statement of what settlement discussions or written communications have occurred (excluding any disclosure or discussion of the substantive matters or terms discussed) and a statement pursuant to Local Rule 16–15.4 about selecting a settlement mechanism under that Rule. If a case is selected for the ADR Program, the parties may choose private mediation at their own expense. No case will proceed to trial unless all parties with full authority to settle the case – including, as to each corporate party, an officer who has such authority – have appeared personally at a settlement conference.

    o.   <u>Trial estimate</u>: A realistic estimate of the time required for trial and whether trial will be by jury or by the Court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds five court days, counsel shall be prepared to discuss in detail the estimate.

    p.   <u>Trial counsel</u>: The name(s) of the attorney(s) who will try the case, including those will be lead trial counsel.

    q.   <u>Independent Expert or Master</u>: Whether this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

    r.   <u>Timetable</u>: Please complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report. The entries in the "Weeks Before Trial" column

reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently far in advance of the pretrial conference. The form is designed to to enable counsel to ask the to set different last dates by which the key requirements must be completed. Each side should fill in the month, day, and year it requests for each event. *E.g.*, for the expert discovery cut−off it might be "10/7/12" for plaintiff and "10/28/12" for defendant, if they cannot agree. Each entry proposing a Court date shall be on a Monday, except the trial date, which will be a Tuesday. At the conference, the Court will review this form with counsel in determining the dates that will be set in the case. The cut−off date for motions is the last date on which motions may be heard, not filed The Court is not likely to continue this date, and will not do so unless the trial date is also continued. Following the Scheduling Conference, the Court will issue an "Order on Court/Jury Trial." This Order will set forth all pre−trial and trial obligations of counsel, and, where applicable, the deadlines for each.

s. Other issues: A statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non−English speaking witnesses, ADA−related issues, discovery in foreign jurisdictions) and any proposals concerning severance, bifurcation, or other ordering of proof.

t. Patent Cases: Propose dates and methodology for claim construction and *Markman* hearings.

u. Do the parties wish to have a Magistrate Judge preside? Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all the proceedings, not just discovery. They may select any

Magistrate Judge (not just the one assigned to this case) from among those Magistrate Judges who accept these designations. (They are identified on the Central District's website, which also contains the consent form.)

**1.     Scheduling Conference**

The Scheduling Conference will be held in Courtroom 750 of the Roybal Federal Courthouse at 255 East Temple Street. Counsel shall comply with the following with respect to the Scheduling Conference:

    a.    <u>Participation</u>: The lead trial attorney for each party shall attend the Scheduling Conference unless such counsel is engaged in trial, on vacation, or excused for good cause following a written request addressed to the Clerk in advance of the Scheduling Conference.

    b.    <u>Continuance</u>: A continuance of the Scheduling Conference will be granted only for good cause, following a written request addressed to the Clerk in advance of the Scheduling Conference.

    c.    <u>Use of Conference Telephone</u>: In general, the Court prefers in– person appearances. However, if one or more of the lead counsel has his or her office outside of Los Angeles County, or under other appropriate circumstances, the Court may, upon the request of one or more counsel, conduct the status conference by conference telephone call. Please contact the court clerk at (213) 894–2156 to request approval of, and to receive details about, a call–in appearance.

**3.     Protective Orders**

If you seek a protective order, please use your best efforts to propose it to opposing counsel before the Scheduling Conference.

**4.     Notice to be Provided by Counsel**

Plaintiff's counsel or, if plaintiff is self–represented, defendant's counsel,

///

shall serve this Order on any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**5.** **Disclosure to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling and Case Management Order, which will set forth the schedule that the Court establishes at the Scheduling Conference.

**6.** **Court's Website**

A copy of this order is available on the Central District of California website, at "www.cacd.uscourts.gov," under "Judge's Requirements."

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

**IT IS SO ORDERED.**

DATED: May 31, 2013      /s/ *John A. Kronstadt*
John A. Kronstadt
United States District Judge

Copies to: All Counsel of Record